## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINSVILLE DIVISION

| | | |
|---|---|---|
| JENNIFER HARRIS Individually | ) | |
| And Next Best Friend and Mother of | ) | |
| KENLEIGH HARRIS; JUSTIN | ) | |
| CASTILLO | ) | |
|     PLAINTIFFS | ) | |
| | ) | |
| Vs. | ) | CIVIL,ACTION |
| | ) | FILE NO. |
| SGT. PATRICK TOLEN, Individually; | ) | **JURY TRIAL DEMAND** |
| SGT. JAMES BROWN Individually; | ) | |
| | | |
| DEFENDANTS. | | |

## COMPLAINT

Plaintiffs Jennifer Harris, Kenleigh Harris and Justin Castillo ("Plaintiffs"), by and through counsels of record respectfully files this Complaint against Defendants Sgt. Patrick Tolen and Sgt. James Brown ("Defendants") and shows this Court the following.

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiffs seek relief pursuant to 42 U.S.C. §§ 1983 and 1988 for the defendants' violations of his rights secured by the United States Constitution, including its Fourth and Fourteenth Amendments as applied to the State of Georgia and its entities, officials, and employees, and by the laws and Constitution, statutes and common law of the State of Georgia.

## JURISDICTION AND VENUE

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. 1331, 1332, and 1343 this being

an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights

3.    Plaintiffs further invokes this Court's supplemental jurisdiction, pursuant to 28

U.S.C. 1367, over any and all state law claims and as against all parties that are so related to claims

in this action within the original jurisdiction of this court that they form part of the same case or

controversy.

4.    Venue is proper under 28 U.S.C. 1391(b) and (c) in the Northern District of Georgia,

Gainesville Division, as all acts complained of occurred in Hall County, Georgia.

## JURY TRIAL DEMANED

5.    Plaintiffs demands a trial by jury on each and every one of the claims as pleaded herein.

## THE PARTIES

6.    At all times relevant to this action, Plaintiffs were residents of Hall County, Georgia.

Jennifer Harris is a young mother who had plans on returning to school to further her education

and employment opportunities when she was shot eight (8) times by the Defendants resulting in

permanent nerve damages amongst other injuries. Her son, Kenleigh Harris, was a six (6) years

old little boy who loved sports and wanted to be a baseball player when he was shot by the

Defendants. He has bullet fragments in his hand as well as scarring. Justin Castillo was an

eighteen (18) year old young man who is a cousin of Jennifer Harris and had plans on attending

trade school when he was shot in the back by the Defendants.

7.      Defendants are or were at all times relevant herein duly appointed and acting officers,

servants, employees and agents of the Hall County Sheriff's Department.  At all times relevant

herein, the individual defendants were acting under color of the laws, statutes, ordinances,

regulations, policies, customs and/or usages of the State of Georgia and Hall County, in the

course and scope of their duties and functions as officers, agents, servants, and employees of the

Hall County. They are sued in their individual capacity.

8.      By the conduct, acts, and omissions complained of herein, Defendants violated clearly

established constitutional standards under the Fourth, and Fourteenth Amendments to the United

States Constitution of which a reasonable police officer under the circumstances would have

known.

### *STATEMENT OF FACTS*

9.      On June 15, 2017, Jennifer Harris was residing on Campbell Road, in Hall County,

Georgia. Just before midnight, she and the rest of her family were the victims of a home

invasion.

10.     While the robbers were present in the home, rummaging through the family's belongings,

Jennifer Harris' fiancé managed to escape the home with two of the five children and run into the

woods.

11.     There, the fiancé called 911 and requested help. He informed the dispatcher that two men

with guns entered his home attempting to rob his family.

12.     The dispatcher asked Harris' fiancé to stay on the line and then dispatched officers to the

house.

13.    The dispatcher did not issue a BOLO or "Be on the Lookout" for any vehicle to the Defendants who responded to the dispatch.

14.    After searching for valuables, the two robbers fled the residence with a cell phone and a ten-dollar bill prior to Defendants arrival.

15.    Moments after the robbers left the home, Jennifer Harris gathered her remaining family members into her vehicle to go get help from a neighbor down the street.

16.    Fearful and without knowledge of where the robbers ran off to, Jennifer Harris slowly drove down her street hoping to reach the neighbors' house when she was blinded by bright flash lights and the barrel of a gun coming towards her.

17.    Jennifer Harris stopped the vehicle in the street.

18.    The Defendants shined their flashlights directly into Harris' eyes blinding her and the other occupants making it impossible to see who was approaching their vehicle.

19.    Harris's son yelled, "Mommy that's them"— referring to the robbers. Harris then attempted to speed off away from the Defendants.

20.    Harris did not drive the vehicle at the Defendants nor maneuver the vehicle in a manner that would threaten the Defendants nor cause them as police officers to reasonably believe they were going to be assaulted by the vehicle.

21.    Defendants, without making any identification of the occupants and with no reason to stop the vehicle, fired numerous times into the vehicle – literally spraying it with bullets- to seize the occupants of the vehicle.

22.    Defendants shot Plaintiff Jennifer Harris eight (8) times, her son Plaintiff Kenleigh Harris two (2) times and Plaintiff Justin Castillo one (1) time in the back.  As a result of being assaulted

by Defendants, Plaintiffs suffered permanent physical injuries, physical scarring, insomnia, depression, extreme pain, PTSD, and suffering

## FIRST CLAIM: EXCESSIVE FORCE

### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. 1983

23.    Plaintiffs re-alleges and incorporates by reference the allegations set forth in each preceding paragraphs as if fully set forth herein.

24.    The conduct and actions of Defendants, acting in concert and under color of law, in authorizing, directing and/or causing the shooting of the Plaintiffs to seize them, was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force enforces those rights under 42 U.S.C 1983.

25.    As a direct and proximate result of the foregoing, Plaintiffs was subjected to great physical and emotional pain and humiliation, was deprived of their liberty, and was otherwise damaged and injured

## COUNT TWO: ATTORNEYS' FEES

26.    Plaintiffs re-alleges and incorporates paragraphs 1-23 of the Complaint as though they were fully set forth herein.

27.     Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorneys' fees and costs of litigation

## COUNT THREE: COMMON LAW CLAIM

### ASSAULT AND BATTERY

28.     Plaintiffs re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein

29.     By the unjustifiable conduct and actions described above, Defendants inflicted the torts of assault and battery upon Plaintiffs. The acts and conduct of Defendants were the direct and proximate cause of injury and damage to Plaintiffs and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of Georgia.

30.     Defendants acts constituted an assault upon Plaintiffs in that Defendants intentionally attempted to injure Plaintiffs or commit a battery upon them, and further that Defendant's acts represented a grievous affront to Plaintiffs.

31.     Defendants acts constituted a battery upon Plaintiffs in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature.

32.     The actions of Defendants were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendants knew, or should have known, that their actions were without the consent of Plaintiffs.

33.     The injuries sustained by Plaintiffs were caused wholly and solely by reason of the conduct described, and Plaintiffs did not contribute thereto

6

34.    As a direct and proximate result of the foregoing, Plaintiffs was subjected to great physical and emotional pain and humiliation, was deprived of liberty, and was otherwise damaged and injured

## ALLEGATIONS REGARDING PUNITIVE DAMAGES

35.    Defendants have each committed intentional and malicious acts and each are liable to Plaintiffs for punitive and exemplary damages. Said Defendants' acts, omissions, breaches, violations of law and tortious conduct have damaged Plaintiff in an amount to be proven at trial.

36.    The actions of Defendants, in this case, each demonstrate willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises the presumption of conscious indifference to consequences.

37.    Said Defendants' actions were specifically intended to harm Plaintiff, and, thus, Plaintiff is entitled to recover punitive and exemplary damages from such Defendants without limitation.

**WHEREFORE**, Plaintiff, prays as follows:

a)    That process issue and that Defendants be served according to the law;

b)    That Plaintiffs has a trial by jury;

c)    That Plaintiffs has and recovers a verdict and judgment against Defendants, jointly and severally, in their individual capacities for all compensatory, general, and punitive damages, and for reasonable attorney fees pursuant to 42 U.S.C. § 1988, and for all such amounts as may be proven before the trier of fact; and

d)    That Plaintiffs have such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

Tony E. Mathis
State Bar # 477066
P.O. Box 1591
Stone Mountain, Ga. 30086
Office 678 358 1212
Mathis358@hotmail.com

Timothy McCalep
State Bar#481089
101 Marietta St NW #3650
Atlanta, Ga. 30303
Office 404 988 5809
tmccalep@me.com